IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BENJAMIN THOMAS,

        Plaintiff,

v.

Case No. 8:20-cv2756-CEH-AAS

HILLSBOROUGH COUNTY SHERIFF'S
OFFICE,

        Defendant.
_____/

## ORDER

This matter is before the Court on Defendant's Motion to Dismiss (Doc. 10). Chad Chronister, in his capacity as Sheriff of the Hillsborough County Sheriff's Office, moves to dismiss Plaintiff's Complaint for naming the incorrect Defendant and for failing to state a claim under federal or Florida law. Plaintiff filed a response in opposition. Doc. 12. The Court, having considered the motion and being fully advised in the premises, will grant Defendant's Motion to Dismiss.

**I.    BACKGROUND**[1]

Plaintiff, Benjamin Thomas, proceeding *pro se*, brought this action in state court against the Hillsborough County Sheriff's Office ("HCSO"), seeking an injunction, court costs, and damages. Plaintiff sues the HCSO for alleged violations under the

---

[1] The following statement of facts is derived from the Plaintiff's Complaint (Doc. 1-1), the allegations of which the Court must accept as true in ruling on the instant motion, *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

False Claims Act, 18 U.S.C. § 3729; under the Fifth Amendment Double Jeopardy clause; and under 18 U.S.C. § 242 for the deprivation of his rights under color of law. Doc. 1-1 at 5, ¶¶ 3–5.[2] Plaintiff further alleges state law claims for defamation by implication and defamation *per se*. *Id.* at 4, ¶¶ 1–2.

In his Complaint Plaintiff vaguely references Risk Protection Orders entered against him following the HCSO's use of false information about him, portraying Plaintiff as a convicted criminal when there was no conviction, and wrongfully accusing Plaintiff of being a threat to himself or others. Doc. 1-1 at 7–8.

In October 2018, the HCSO petitioned the state court for a Risk Protection Order, resulting in the seizure of Plaintiff's firearms and ammunition, which Plaintiff alleges was in violation of his Second Amendment constitutional right. *Id.* at 7–8. Plaintiff alleges the Defendant improperly utilized discovery from a pending criminal case involving the Plaintiff and misrepresented facts to portray Plaintiff as having unlawfully used or possessed a firearm. *Id*. Plaintiff further alleges Defendant portrayed Plaintiff as having been convicted of a crime even though the charges were "Nol Pros.ed [sic] by the state." *Id*.

In October 2019, Defendant "filed and published another claim against the Plaintiff accusing the Plaintiff of being a threat to himself or to other[s] due to the Plaintiff's mental state." *Id.* at 8, ¶ 3. Plaintiff alleges the HCSO included false information and omitted facts to portray Plaintiff as mentally unstable and a potential

---

[2] Because Plaintiff repeats paragraph numbering in his complaint, the Court uses the CM/ECF docketing page numbers followed by the paragraph number from the cited page.

danger to himself or others. *Id*. Plaintiff claims he has no history of mental instability, self-harm, or reckless or dangerous behavior. *Id*. Plaintiff also alleges he has been psychologically abused by the HCSO during previous, traumatic altercations and is fearful of Defendant. *Id*.

Plaintiff alleges that information surrounding the claims made against him were "published" by the HCSO and have caused him to be treated differently and more aggressively by all branches of law enforcement. *Id.* at 9, ¶ 4. Plaintiff asserts such publications have caused him to be treated differently by the public, affecting his employment, housing opportunities, and access to certain venues. *Id.* at 9, ¶¶ 5–6. Plaintiff alleges that the HCSO published the claims against him with malice and without a factual basis to justify them. *Id.* at 9, ¶ 7.

Plaintiff filed suit in state court on October 14, 2020. Doc. 1-1. Defendant timely removed the action to this Court, based on the Court's original jurisdiction under 28 U.S.C. § 1331. Doc. 1. The instant motion followed. Doc. 10.

## II.   LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are insufficient. *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not enough. *Id*. A complaint must contain

sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id*.

Pleadings from *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, they still must meet minimal pleading standards. *Pugh v. Farmers Home Admin.*, 846 F. Supp. 60, 61 (M.D. Fla. 1994).

### III.  DISCUSSION

Chad Chronister, in his official capacity as Sheriff of HCSO ("Sheriff"), moves to dismiss Plaintiff's Complaint for failure to state any cognizable claim against him. Doc. 10. The Court agrees, and Plaintiff's Complaint will be dismissed with leave to amend.

#### A.  Procedural Deficiencies

##### 1.  *Improperly Named Defendant*

Plaintiff named the HCSO as the party Defendant, which is an improper party. In Florida, a sheriff's office is not deemed to be a legal entity with the capacity to be sued. *Faulkner v. Monroe Cty. Sheriff's Dep't*, 523 F. App'x 696, 701 (11th Cir. 2013). Thus, the Sheriff is correct that Plaintiff has named the wrong party. To bring a claim

against the HCSO, Plaintiff must sue Chad Chronister, in his official capacity as the Sheriff of HCSO. Because the proper party to name in a civil action against a Florida sheriff's office is the Sheriff in his legal capacity, the Complaint is due to be dismissed against the HCSO.

    2.    *Shotgun Pleading*

Plaintiff's Complaint also fails because it is a shotgun pleading. "A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (citation omitted). The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil docket." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n. 4 (11th Cir. 2010). Shotgun pleadings require the court to sift through rambling and often incomprehensible allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." *Id.* (citation omitted). The Eleventh Circuit thus has established that a shotgun pleading is an unacceptable form of establishing a claim for relief.

Four general types of shotgun pleadings have been identified by the courts.[3] *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322–23 (11th Cir. 2015).

---

[3] "The most common type . . . is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is guilty of the venial sin of being replete with conclusory, vague, and

"The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323 (citations omitted).

Relevant here, Plaintiff's Complaint fails to separate each cause of action or claim for relief into a different count. Rather, the Complaint comingles all his claims under the headings "Statement of Claim" and "Factual Allegations." Under the rules and in order to promote clarity, each claim founded on a separate transaction or occurrence must be stated in a separate count. Fed. R. Civ. P. 10(c).

B.  **Federal Claims**

In conclusory and vague fashion, Plaintiff asserts various federal claims against Defendant, most of which are inapplicable on the alleged facts. Further, as the Sheriff asserts in his motion to dismiss, Plaintiff fails to plead any ultimate facts to support the federal claims alleged.

First, Plaintiff alleges Defendant violated the False Claims Act, 31 U.S.C. § 3729(a)(1)(B) ("FCA"). To state a claim under the FCA, a plaintiff must allege that because of false statements, government funds were used to pay a false or fraudulent claim. *Allison Engine Co. v. U.S. ex rel. Sanders*, 553 U.S. 662, 668 (2008). By way of

---

immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321–23.

example, an FCA claim arises in the context of a health care provider submitting fraudulent claims to be paid by Medicare or Medicaid. There are no allegations here of fraudulent claims presented to the government for payment. Nothing in Plaintiff's allegations indicate any relevance or applicability of the FCA. Accordingly, his claim under the FCA is dismissed.

Next, Plaintiff alleges Defendant violated his constitutional right under the Fifth Amendment's "Double Jeopardy" clause, which guarantees that no person shall be put in jeopardy of life or limb twice for the same offense. U.S. Const. amend. V. This protection arises in the context of threatened criminal punishment in successive proceedings. *Hudson v. United States*, 522 U.S. 93, 98–99 (1997) (*citing Missouri v. Hunter*, 459 U.S. 359, 366 (1983)). The present action is a civil matter, and thus the prohibitions against criminal double jeopardy are wholly irrelevant. This claim is due to be dismissed.

In Plaintiff's final federal claim, he alleges Defendant, in violation of 18 U.S.C. § 242 (1996), deprived him of his constitutional right to bear arms. Section 242 of Title 18 criminalizes the willful deprivation of a person's rights or privileges while acting under the color of law. *Id*. Specifically, Section 242 provides:

> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, . . . to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, . . . shall be fined under this title or imprisoned not more than one year, or both.

7

18 U.S.C. § 242. Again, the instant action is a civil matter, and thus, § 242 does not apply.

To the extent Plaintiff intended to assert an action under 42 U.S.C. § 1983, which provides for a civil remedy against a person who deprives another of a civil right, privilege or immunity under the color of state law, his claim still fails. Plaintiff pleads no ultimate facts to support such claim.

To state a Section 1983 claim against a governmental entity such as Defendant, a plaintiff must plead that some municipal policy or custom was the driving force causing the constitutional deprivation. *Seegmiller v. Sch. Bd. of Collier Cty.*, No. 2:15-CV-87-FTM-38DNF, 2015 WL 3604608, at 3 (M.D. Fla. June 7, 2015). Specifically, a plaintiff must allege: (1) a violation of some constitutional right; (2) that a purposeful indifference to that constitutional right resulted from policy or custom within the municipality; and (3) the violation was caused by that policy or custom. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). Plaintiff offers conclusory statements, without more, that the HCSO deprived him of his constitutional rights. Plaintiff has not identified the existence of a HCSO policy or custom, let alone one that resulted in the deprivation of his constitutional rights.

**C.    State Law Claims**

Plaintiff asserts state law claims against Defendant for defamation by implication and defamation *per se*. A plaintiff may pursue a defamation *per se* claim under a theory of libel *per se* or slander *per se* depending on the facts of the case. *Klayman v. Jud. Watch, Inc.*, 22 F. Supp. 3d 1240, 1247 (S.D. Fla. 2014), aff'd (11th Cir. Feb. 17,

2015). "Slander" typically refers to defamatory spoken words, whereas "libel" pertains to written statements that are defamatory. *See Dunn v. Air Line Pilots Ass'n*, 193 F.3d 1185, 1191 (11th Cir.1999) (citation omitted). Here, Plaintiff appears to be challenging allegedly defamatory statements made by the HCSO in connection with its petition for a Risk Protection Order. Doc. 1-1 at 7, 12–15.[4]

Under Florida law, a plaintiff states a cause of action for defamation by alleging: (1) publication; (2) falsity; (3) the actor was negligent or acting with knowledge or reckless disregard as to the falsity of the publication; (4) damages; and (5) the statement was defamatory. *Jews For Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008). Defamation by implication "applies in circumstances where literally true statements are conveyed in such a way as to create a false impression." *Id.* at 1108. A published statement is libelous *per se* if: "(1) it charges that a person has committed an infamous crime; (2) it charges a person with having an infectious disease; (3) it tends to subject one to hatred, distrust, ridicule, contempt, or disgrace; or (4) it tends to injure one in his trade or profession." *Richard v. Gray*, 62 So. 2d 597, 598 (Fla.1953) (en banc) (citations omitted).

Defendant argues that Plaintiff fails to state a claim for defamation because he does not allege the Sheriff "published a false statement." Doc. 10 at 8. In his Complaint, Plaintiff alleges in conclusory fashion that Defendant "filed and

---

[4] Plaintiff does not specifically reference a "Risk Protection Order" in the Complaint, but he attaches as exhibits to the Complaint certain state court filings related to the HCSO's petitions for Risk Protection Orders. *See* Docs. 1-1 at 12–15.

published" claims against the Plaintiff in October 2018 and October 2019. He does not specifically reference the Risk Protection Orders in his Complaint, nor does he allege any ultimate facts as to how the claims were published and to whom. Additionally, he does not plead ultimate facts, as opposed to conclusory statements, that the claims were libelous or created a false impression. To state a claim, Plaintiff's allegations must contain more than conclusory allegations or a formulaic recitation of the elements of a claim. *See Iqbal*, 556 U.S. at 677–78. As such, Plaintiff fails to state a claim for defamation *per se* or defamation by implication, and his state law claims are due to be dismissed.

D.   **Judicial Notice and Absolute Immunity**

The Sheriff additionally argues that even if Plaintiff properly pleaded his defamation claims, Florida's litigation privilege provides absolute immunity for any statements made by the HCSO in a judicial proceeding. Doc. 10 at 9. In support of his argument, the Sheriff requests the Court take judicial notice, pursuant to Fed R. Evid. 201(c)(2), of the state court Risk Protection Order proceedings, Case No. 18-MH-005704, in the Thirteenth Judicial Circuit for Hillsborough County, Florida.

Courts may take judicial notice of publicly filed documents, including from other litigation, at the Rule 12(b)(6) stage. *U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 812 n.4 (11th Cir. 2015) (citing Fed. R. Evid. 201; *Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1075 n.9 (11th Cir. 2013)). "A district court may take judicial notice of an adjudicative fact that is both 'not subject to reasonable dispute' and either (1) 'generally known within the trial court's territorial jurisdiction' or (2) 'can be

accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Grayson v. Warden, Comm'r, Ala. Dep't of Corr.*, 869 F.3d 1204, 1224–25 (11th Cir. 2017) (quoting Fed. R. Evid. 201(b)). Pursuant to Rule 201(c)(2), the Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." However, "even though a court may take judicial notice of a document filed in another court . . . to establish the fact of such litigation and related filings, a court cannot take judicial notice of factual findings of another court." *Grayson*, 869 F.3d at 1225 (citations and internal quotations omitted).

Specifically, the Sheriff requests the Court take judicial notice of the state court Risk Protection Order proceeding and the documents from that proceeding attached as exhibits to his motion to dismiss. Since the documents filed by the Sheriff are court documents and, as such, are matters of public record whose authenticity cannot reasonably be questioned, the Court will take judicial notice of those documents (Doc. 10-1, 10-2, 10-3, 10-4) and the occurrence of those proceedings in state court Case No. 18-MH-005704, in the Circuit Court of the Thirteenth Judicial Circuit for Hillsborough County, Florida. *See Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (district court properly took judicial notice of documents filed in related litigation, which were public records that were "not subject to reasonable dispute" because they were "capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned.") (citations omitted). However, the Court does not take judicial notice of any factual findings, arguments, "admissions," or legal conclusions advanced within these documents or proceedings.

11

The Sheriff urges that absolute immunity bars Plaintiff's defamation claims because the alleged statements were made in the context of the state-court judicial proceedings of which he requests the Court take judicial notice. It is well-settled under Florida law that absolute immunity against a civil action applies to statements made during judicial proceedings, as participants in litigation must be able to communicate freely and use their best judgment in the prosecution or defense of a lawsuit without the fear of being sued. *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1274 (11th Cir. 2004). "The privilege initially developed to protect litigants and attorneys from liability for acts of defamation but has since been extended to cover all acts related to and occurring within judicial proceedings." *Id.* (citation omitted).

Under Florida law, the litigation privilege is an affirmative defense that may not properly be considered on a motion to dismiss unless it is abundantly clear that "'the complaint affirmatively and clearly shows the conclusive applicability' of the defense to bar the action." *Id.* at 1275–77 (11th Cir. 2004) (applying Florida law to supplemental state-law claims adjudicated in federal court) (citations omitted). Indeed, the Sheriff is correct that statements made by members of the HCSO during judicial proceedings would likely be protected by the litigation privilege. However, on a motion to dismiss, the applicability of the privilege must appear clearly from the allegations of the Complaint. Because the Court has determined that Plaintiff's allegations fail to state a defamation claim as they are vague and conclusory and do not allege ultimate facts reflecting how the claims were published and to whom, the Court cannot say that the Complaint "affirmatively and clearly" shows the

applicability of the privilege. Thus, the Court cannot conclude at this procedural juncture that Florida's litigation privilege applies to provide absolute immunity to the Sheriff for statements made by the HCSO.

### E.     Leave to Amend

"[A] district court's discretion to dismiss a complaint without leave to amend is 'severely restrict[ed]' by Fed. R. Civ. P. 15(a), which directs that leave to amend 'shall be freely given when justice so requires.'" *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988) (quoting *Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 597 (5th Cir. 1981)). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)). Nothing on the record before the Court suggests undue delay, bad faith, or dilatory motive on the part of Plaintiff, nor that the Sheriff will be unduly prejudiced if the Court allows Plaintiff the opportunity to amend his complaint. Therefore, the Court will allow Plaintiff the opportunity to file an Amended Complaint.

For the reasons stated above, it is hereby

**ORDERED**:

1.      The Court takes judicial notice of the existence of a proceeding in state court Case No. 18-MH-005704, in the Circuit Court of the Thirteenth Judicial Circuit

for Hillsborough County, Florida, and of Docs. 10-1, 10-2, 10-3, and 10-4 attached to the Sheriff's motion to dismiss. However, the Court does not take judicial notice of any factual findings, arguments, "admissions," or legal conclusions advanced within those documents or proceedings.

2. Defendant's Motion to Dismiss (Doc. 10) is **GRANTED**. Plaintiff's Complaint is **DISMISSED, without prejudice**, for failing to state a claim and for being a shotgun pleading.

3. Plaintiff is granted leave to file an Amended Complaint, which corrects the deficiencies addressed in this Order. The Amended Complaint shall be filed within twenty-one (21) days of the date of this order. Failure to file an Amended Complaint within the time provided will result in dismissal of this action without further notice.

**DONE AND ORDERED** in Tampa, Florida on September 2, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Benjamin Thomas, *pro se*
Counsel of Record